DONALD GRAY JOYNER v. JOE W. GARRETT, COMMISSIONER, N. C. DEPARTMENT OF MOTOR VEHICLES

No. 7310SC40

(Filed 11 April 1973)

Automobiles § 2— refusal to take breathalyzer test — revocation of license — no error

    In a proceeding to revoke petitioner's driver's license for refusal to take a breathalyzer test upon arrest for driving under the influence of intoxicating liquor, the trial court's findings of fact are supported by the evidence and the findings support the conclusions of law which in turn support the judgment affirming revocation of petitioner's license.

APPEAL by petitioner from Bailey, Judge, 31 July 1972 Session of Superior Court held in WAKE County.

Pursuant to the provisions of G.S. 20-25, petitioner, Donald Gray Joyner, filed a petition seeking judicial review of the order of a hearing officer of the Department of Motor Vehicles sustaining the revocation of his operator's license. The material facts of this case are summarized as follows:

On or about 27 September 1969, petitioner was arrested and charged with driving upon the public highways of this State while under the influence of intoxicating liquor. On 1 October 1969, petitioner was notified by the Department of Motor Vehicles that pursuant to the provisions of G.S. 20-16.2, his operator's license was being suspended for a period of 60 days because of his refusal to submit to a chemical analysis of the breath. Petitioner submitted a written request for a hearing as provided

by G.S. 20-16.2 (d) and on 6 November 1969, a hearing, attended by petitioner, his attorney, and a hearing officer, was held. The order of revocation of petitioner's operator's license was sustained. Thereafter, petitioner received an official notice of revocation of his driving privileges for 60 days, commencing at 12:01 a.m., 28 November 1969. On 1 December 1969, a petition was filed in the Superior Court held in Wake County, pursuant to G.S. 20-25, seeking a review of the order of the Department of Motor Vehicles sustaining the revocation of petitioner's driving privileges.

Following a *de novo* hearing in the Superior Court held in Wake County, Judge Clark, on 26 October 1970, affirmed the order of revocation. Petitioner appealed, and the case was transferred for hearing by the Supreme Court which, in an opinion filed in 279 N.C. 226, 182 S.E. 2d 553 (1971), found error and remanded for a determination of whether petitioner *"willfully refused to take the test."*

The petition was scheduled for hearing before Judge Clark but, by agreement, was transferred for hearing before Judge Bailey who made findings of fact which, except where quoted, are summarized as follows:

On 27 September 1969, petitioner was arrested for driving on the public highways of this State while under the influence of intoxicating liquor. The arresting officer advised petitioner of his constitutional rights and requested that petitioner submit to a chemical analysis of his breath to ascertain the alcohol content of his blood. Petitioner was advised of his right to counsel and to have a witness present while the breathalyzer test was being administered. Twice defendant was requested to submit to the breathalyzer test and was informed that a refusal to submit to the breathalyzer test would result in the revocation of his operator's license for a period of 60 days. Defendant refused to submit to the test. "[P]etitioner was under the influence of intoxicating liquor but was not so drunk that he did not understand what was being said to him." Based upon these findings of fact, the court concluded as a matter of law "that the petitioner was not so drunk that he was incapable of willfully refusing to take the breathalyzer test and the petitioner willfully refused to submit to such test as required by law."

From a judgment entered 31 July 1972 affirming the revocation order, petitioner appealed.

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Vaughan S. Winborne for petitioner appellant.*

HEDRICK, Judge.

By his eight assignments of error, petitioner contends that he was deprived of his constitutional right to a fair and impartial hearing, that the trial court erred in the admission and exclusion of evidence, that certain questions and remarks of the trial judge were pregnant with partiality, that the findings of fact and conclusions of law were erroneous and do not support the judgment.

While we do not approve of the gratuitous remarks of the trial judge, our examination of each exception upon which these assignments of error are based fails to disclose prejudicial error. The findings of fact are supported by the evidence and the findings support the conclusions of law which in turn support the judgment which is

Affirmed.

Judges BROCK and VAUGHN concur.